Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted three previous popular names and ballot titles for similar measures, which I rejected in Opinions 99-200, 99-261 and 99-416 due to unresolved ambiguities in the text of each measure. You have made changes to the text of your measure and now present the following proposed popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT TO ABOLISH THE ARKANSAS STATE TAX UPON PERSONAL AND CORPORATE INCOMES, OR, ALTERNATIVELY, TO AUTHORIZE THE PHASE OUT OF THE ARKANSAS INCOME TAX GRADUALLY, ON CONDITION THAT THE STATE FULLY PROTECT THE DUE PROCESS RIGHTS OF THE PAYERS OF CERTAIN TAXES, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ABOLISH THE STATE TAX ON PERSONAL AND CORPORATE INCOMES OR, ALTERNATIVELY, TO AUTHORIZE THE ARKANSAS GENERAL ASSEMBLY TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THIS AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, WHICH MUST BE MADE EFFECTIVE NO LATER THAN JULY 1, 2001, THE STATE MAY FOR THE TAXABLE YEAR 2001, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, WILL GENERATE NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE YEAR 2000; PROVIDING THAT THE AMENDMENT SHALL NOT BE CONSTRUED TO AUTHORIZE THE INCREASE OF ANY OF THE RATES OF THE STATE INCOME TAX ABOVE THOSE EXISTING ON THE EFFECTIVE DATE OF THIS AMENDMENT, REGARDLESS OF THE AMOUNT OF ACTUAL OR PROJECTED TAX COLLECTIONS IN ANY GIVEN YEAR, NOR SHALL IT BE CONSTRUED TO LIMIT THE AMOUNT OF SALES AND USE TAX WHICH MAY BE COLLECTED BY THE STATE OF ARKANSAS IN ANY GIVEN YEAR; CONDITIONING THE OPTIONAL INCOME TAX PHASE-OUT ON THE REQUIREMENT THAT THE GENERAL ASSEMBLY PROTECT ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS FROM THE COLLECTION OF ANY DIRECT TAX BY LIEN, LEVY, OR OTHER DISTRAINT UPON THE WAGES, BANK ACCOUNTS, OR OTHER PROPERTY OF THE TAXPAYER, BY ANY GOVERNMENTAL AGENCY WHATEVER, WITHOUT THE CONSENT OF THE TAXPAYER OR AN ORDER OF A DULY CONSTITUTED COURT OF COMPETENT JURISDICTION, TAKEN AND ENTERED AFTER THE TAXPAYER HAS BEEN GIVEN NOTICE AND OPPORTUNITY TO DEFEND, WITH THE RIGHT TO JURY TRIAL AND ALL OTHER US CONSTITUTIONAL GUARANTEES, 1) BY ENFORCED DIRECT LEGISLATIVE PROHIBITION, OR, 2) BY REPAYING THE CITIZEN THE MONEY TAKEN, OR THE REASONABLE VALUE OF THE PROPERTY TAKEN, WITHIN 30 DAYS OF NOTIFICATION OF AN OFFICER LEGISLATIVELY DESIGNATED FOR THAT PURPOSE, OR, 3) BY PAYMENT OF THREE TIMES THE WHOLE AMOUNT OF TAX SET FORTH IN THE PERTINENT LIEN, LEVY OR OTHER SUMMARY COLLECTION DOCUMENT, PRIOR TO ASSESSING OR COLLECTING ANY STATE INCOME TAX FOR THE YEAR IN WHICH THE LIEN OR LEVY WAS FILED OR EXECUTED; PROVIDING THAT LIABILITY FOR DAMAGES TO BE PAID BY THE STATE PURSUANT TO THIS AMENDMENT OR IMPLEMENTING LEGISLATION SHALL BE DEEMED A PENALTY FOR CAUSING OR FAILING TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS, AND SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, ANY STATE INCOME TAX REVENUES NOT REQUIRED TO PROVIDE THE STATE OF ARKANSAS WITH ANNUAL REVENUES EQUAL TO THE STATE INCOME TAXES FOR THE TAXABLE YEAR 2000 COLLECTED IN THE FOLLOWING YEAR, PLUS THE NET REVENUE OF ARKANSAS STATE SALES AND USE TAXES FOR THE CALENDAR YEAR 2000 COLLECTED NO LATER THAN DECEMBER, 2001, SHALL AS SOON AS REASONABLY PRACTICABLE BE DIVIDED AMONG AND REFUNDED TO ALL PERSONAL AND CORPORATE INCOME TAX PAYERS IN THE STATE OF ARKANSAS, PRO RATA ACCORDING TO THEIR RESPECTIVE TAX PAYMENTS FOR THE YEAR WITH RESPECT TO WHICH THE REFUND IS BEING MADE; PROVIDING THAT THE GENERAL ASSEMBLY SHALL MAKE ANY AND ALL LAWS WHICH MAY BE NECESSARY FOR THE IMPLEMENTATION OF THESE TAX REFUNDS; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE YEAR 2000, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; PROVIDING THAT THE TERM "STATE SALES AND USE TAX" SHALL NOT INCLUDE SALES AND USE TAX EARMARKED EXCLUSIVELY FOR COUNTY AND MUNICIPAL GOVERNMENTS; PROVIDING THAT IF ANY PARTICULAR CLASS OF GOODS OR SERVICES IS EXEMPTED FROM SALES AND USE TAX, AFTER THE DATE OF THIS AMENDMENT, WHETHER BY THE GENERAL ASSEMBLY OR BY THE INITIATIVE PROCESS, THE PHASE OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF SUCH SALES AND USE TAX EXEMPTION HAD NOT BEEN GRANTED; PROVIDING THAT IF THE RATE OF THE STATE SALES AND USE TAX RATE IS REDUCED, THE PHASE-OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF THE RATE OF THE STATE SALES AND USE TAX HAD NOT BEEN REDUCED; PROVIDING THAT IF THE STATE SALES AND USE TAX RATE IS INCREASED, THE PHASEOUT SHALL BE CALCULATED INCLUDING THE ADDITIONAL REVENUE AS STATE SALES AND USE TAX REVENUES, UNLESS OTHERWISE SPECIFICALLY AUTHORIZED BY APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS VOTING ON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE COLLECTION OF INCOME TAX WHILE FAILING TO COMPLY WITH THE PHASE-OUT REQUIREMENTS SET FORTH IN THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO AUTHORIZE THE INCREASE OF ANY OF THE RATES OF THE ARKANSAS STATE INCOME TAX, ON PERSONAL OR CORPORATE INCOMES, ABOVE THOSE EXISTING ON THE EFFECTIVE DATE OF THIS AMENDMENT, REGARDLESS OF THE AMOUNT OF ACTUAL OR PROJECTED TAX COLLECTIONS IN ANY GIVEN YEAR; PROVIDING THAT NOTHING HEREIN SHALL BE CONSTRUED TO LIMIT THE AMOUNT OF SALES AND USE TAX WHICH MAY BE COLLECTED BY THE STATE OF ARKANSAS IN ANY GIVEN YEAR; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT THE GENERAL ASSEMBLY IS AUTHORIZED TO ENACT LEGISLATION DEEMED PROPER FOR THE ORDERLY IMPLEMENTATION OF THE PROVISIONS OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AN AMENDMENT TO ABOLISH THE ARKANSAS STATE TAX UPON PERSONAL AND CORPORATE INCOMES, OR, ALTERNATIVELY, TO AUTHORIZE THE PHASE OUT OF THE ARKANSAS INCOME TAX
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION ABOLISHING THE STATE TAX ON PERSONAL AND CORPORATE INCOMES OR, ALTERNATIVELY, AUTHORIZING THE ARKANSAS GENERAL ASSEMBLY TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THIS AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, WHICH MUST BE MADE EFFECTIVE NO LATER THAN JULY 1, 2001, THE STATE MAY FOR THE TAXABLE YEAR 2001, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, WILL GENERATE NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE YEAR 2000; PROVIDING THAT THE AMENDMENT DOES NOT LIMIT THE AMOUNT OF STATE SALES AND USE TAX THAT MAY BE COLLECTED IN ANY GIVEN YEAR; PROVIDING THAT THE AMENDMENT DOES NOT AUTHORIZE THE INCREASE OF ANY OF THE RATES ON THE STATE INCOME TAX ABOVE THOSE EXISTING ON THE EFFECTIVE DATE OF THIS AMENDMENT, REGARDLESS OF THE AMOUNT OF ACTUAL OR PROJECTED TAX COLLECTIONS IN ANY GIVEN YEAR; CONDITIONING THE OPTIONAL INCOME TAX PHASE-OUT ON THE REQUIREMENT THAT THE GENERAL ASSEMBLY PROTECT ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS FROM THE COLLECTION OF ANY DIRECT TAX BY LIEN, LEVY, OR OTHER DISTRAINT UPON THE WAGES, BANK ACCOUNTS, OR OTHER PROPERTY OF THE TAXPAYER, BY ANY GOVERNMENTAL AGENCY WHATEVER, WITHOUT THE CONSENT OF THE TAXPAYER OR AN ORDER OF A DULY CONSTITUTED COURT OF COMPETENT JURISDICTION, TAKEN AND ENTERED AFTER THE TAXPAYER HAS BEEN GIVEN NOTICE AND OPPORTUNITY TO DEFEND, WITH THE RIGHT TO JURY TRIAL AND ALL OTHER U.S. CONSTITUTIONAL GUARANTEES, 1) BY ENFORCED DIRECT LEGISLATIVE PROHIBITION, OR, 2) BY REPAYING THE CITIZEN THE MONEY TAKEN, OR THE REASONABLE VALUE OF THE PROPERTY TAKEN, WITHIN 30 DAYS OF NOTIFICATION OF AN OFFICER LEGISLATIVELY DESIGNATED FOR THAT PURPOSE, OR, 3) BY PAYMENT OF THREE TIMES THE WHOLE AMOUNT OF TAX SET FORTH IN THE PERTINENT LIEN, LEVY OR OTHER SUMMARY COLLECTION DOCUMENT, PRIOR TO ASSESSING OR COLLECTING ANY STATE INCOME TAX FOR THE YEAR IN WHICH THE LIEN OR LEVY WAS FILED OR EXECUTED; PROVIDING THAT LIABILITY FOR DAMAGES TO BE PAID BY THE STATE PURSUANT TO THIS AMENDMENT OR IMPLEMENTING LEGISLATION SHALL BE DEEMED A PENALTY FOR CAUSING OR FAILING TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS, AND SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, ANY STATE INCOME TAX REVENUES NOT REQUIRED TO PROVIDE THE STATE OF ARKANSAS WITH ANNUAL REVENUES EQUAL TO THE STATE INCOME TAXES FOR THE TAXABLE YEAR 2000 COLLECTED IN THE FOLLOWING YEAR, PLUS THE NET REVENUE OF ARKANSAS STATE SALES AND USE TAXES FOR THE CALENDAR YEAR 2000 COLLECTED NO LATER THAN DECEMBER, 2001, SHALL AS SOON AS REASONABLY PRACTICABLE BE DIVIDED AMONG AND REFUNDED TO ALL PERSONAL AND CORPORATE INCOME TAX PAYERS IN THE STATE OF ARKANSAS, PRO RATA ACCORDING TO THEIR RESPECTIVE TAX PAYMENTS FOR THE YEAR WITH RESPECT TO WHICH THE REFUND IS BEING MADE; PROVIDING THAT THE GENERAL ASSEMBLY SHALL MAKE ANY AND ALL LAWS WHICH MAY BE NECESSARY FOR THE IMPLEMENTATION OF THESE TAX REFUNDS; PROVIDING THAT IN CASE OF PHASE OUT OF THE INCOME TAX, THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE YEAR 2000, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; PROVIDING THAT THE TERM "STATE SALES AND USE TAX" SHALL NOT INCLUDE SALES AND USE TAX EARMARKED EXCLUSIVELY FOR COUNTY AND MUNICIPAL GOVERNMENTS; PROVIDING THAT IF ANY PARTICULAR CLASS OF GOODS OR SERVICES IS EXEMPTED FROM SALES AND USE TAX, AFTER THE DATE OF THIS AMENDMENT, WHETHER BY THE GENERAL ASSEMBLY OR BY THE INITIATIVE PROCESS, THE PHASE OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF SUCH SALES AND USE TAX EXEMPTION HAD NOT BEEN GRANTED; PROVIDING THAT IF THE RATE OF THE STATE SALES AND USE TAX RATE IS REDUCED, THE PHASE-OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF THE RATE OF THE STATE SALES AND USE TAX HAD NOT BEEN REDUCED; PROVIDING THAT IF THE STATE SALES AND USE TAX RATE IS INCREASED, THE PHASEOUT SHALL BE CALCULATED INCLUDING THE ADDITIONAL REVENUE AS STATE SALES AND USE TAX REVENUES, UNLESS OTHERWISE SPECIFICALLY AUTHORIZED BY APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS VOTING ON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE COLLECTION OF INCOME TAX WHILE FAILING TO COMPLY WITH THE PHASE-OUT REQUIREMENTS SET FORTH IN THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; PROVIDING THAT THE GENERAL ASSEMBLY IS AUTHORIZED TO ENACT LEGISLATION DEEMED PROPER FOR THE ORDERLY IMPLEMENTATION OF THE PROVISIONS OF THIS AMENDMENT; AND FOR OTHER PURPOSES.
I find it pertinent to note the particular hazards attendant to the ballot title of a lengthy and complex proposal such as yours. The ballot title for such a measure must avoid both the danger of being too lengthy and the danger of having serious omissions. More specifically, the title cannot be so lengthy as to cause voters to violate the voting booth time limitations, yet it must not omit any of the proposed measure's important factors. For this reason, I must point out that with any proposed amendment of considerable length and complexity such as yours, the sponsor runs the risk of a challenge and of a finding by the court that the ballot title is unacceptable, either because it is too "complex, detailed, and lengthy," or because it has "serious omissions." See e.g.,Page v. McCuen, 318 Ark. 342, 884 S.W.2d 951 (1994).
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure